UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ARTHUR RAY WHITLEY** | : | **DOCKET NO. 2:07-cv-980**<br>Section P |
| **VS.** | : | **JUDGE MINALDI** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Arthur Ray Whitley, pursuant to 28 U.S.C. § 2241. By this petition, petitioner seeks additional credit on his federal sentence for the time spent under house arrest from December 20, 2004 to July 18, 2005. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

### FACTUAL SUMMARY

Petitioner was arrested on November 30, 2001 by the Drug Enforcement Agency in San Antonio, Texas. On March 25, 2002, petitioner pled guilty to violating 21 U.S.C. § 841(a)(1) and § 841(b)(1)(iii) (possession with intent to distribute cocaine base) and 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). For these offenses, petitioner was sentenced on December 17, 2004 to 84 months imprisonment to be followed by a term of supervised release.

On December 20, 2004, petitioner was released from custody on a $50,000 personal recognizance bond, confined to his home with electronic monitoring, and required to report to Pretrial Services as directed. Petitioner remained on bond, under "house arrest" until July 19, 2005 when he voluntarily surrendered to the Bureau of Prisons (BOP) staff at the Federal Correctional Institution in Oakdale, Louisiana. *See* Government Exhibit 1.

Petitioner's federal sentence commenced on July 19, 2005. This sentence has been credited

with all of the time spent in custody between his arrest on November 30, 2001 and his release from custody on December 20, 2004. However, petitioner has not been given credit for the time spent under "house arrest" between December 20, 2004 and July 18, 2005. It is this time period for which he now seeks credit.

Petitioner has presented his claim through all of the administrative levels of the BOP.

## LAW AND ANALYSIS

It is the function of the United States Attorney General to compute jail time credit in accordance with 18 U.S.C. §3585(b)[1]. It is after the prisoner begins serving his federal sentence that the Attorney General is to compute the jail time credit. *United States v. Wilson,* 112 S.Ct. 1351, 1354 (1992). Credit is given toward a prisoner's term of imprisonment for any time spent in "official detention" prior to the commencement of his sentence "that has not been credited against another sentence." A prisoner has the right to have the Attorney General's determination reviewed by a court after exhausting his administrative remedies. *Wilson,* 112 S.Ct. at 1355.

In order to be entitled to credit for the time spent under house arrest and electronic monitoring, such confinement must fall within the meaning of "official detention" as used in § 3585(b). In *Reno v. Koray,* 115 S.Ct. 2021 (1995), the Supreme Court considered the meaning of "official detention" as used in that statute and determined that "the phrase 'official detention' in § 3585(b) refers to a court order detaining a defendant and committing him to the custody of the Attorney General for confinement." *Reno v. Koray*, 115 S.Ct. at 2025. Further, the Supreme Court determined that "official detention" did not include time spent under restrictive conditions of release, such as time spent in community treatment centers, house arrest, home confinement, or electronic monitoring. *Id.* The

---

[1] (b) CREDIT FOR PRIOR CUSTODY-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

Supreme Court noted that its holding was in accord with the BOP's Program Statement number 5880.28(c).

Despite the restrictive nature of petitioner's conditions of release, the facts establish that he was released from BOP custody pursuant to a personal recognizance bond between December 20, 2004 and July 18, 2005 and that he was not in "official custody" as contemplated by 18 U.S.C. § 3585(b) during that time. Therefore, he is not entitled to credit on his federal sentence for this time period.

Accordingly,

IT IS RECOMMENDED that this petition for writ of *habeas corpus* be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, September 17, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE